**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ROBERT FOSTER; KATIE LIGON;
KIRBY CARTER; JOHN T. WILLIAMS**                                  **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 3:26-CV-181-SA-JMV**

**THE STATE OF MISSISSIPPI; THE STATE
BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, in his official capacities as
Governor of the State of Mississippi and a
Member of the State Board of Election
Commissioners; LYNN FITCH, in her official
capacities as the Mississippi Attorney General
and a Member of the State Board of Election
Commissioners; and MICHAEL WATSON, in
his official capacities as the Mississippi Secretary
of State and a Member of the State Board of
Election Commissioners**                                         **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

**COMES NOW** Malenda Harris Meacham ("Meacham"), by and through the undersigned

counsel of record, and files this *Memorandum in Support of Motion to Intervene*, as follows:

### I.      INTRODUCTION

Meacham is a current judicial candidate qualified to run in the November 2026 general

election for one of the two judicial districts being challenged by the Plaintiffs. As voters in DeSoto

County, Mississippi, Plaintiffs allege that the districts are unconstitutional because either (1) they

cannot cast a vote for the candidates from the district or (2) their vote for the candidates in that

district will be unconstitutionally diluted. Doc. 1 at pp. 3-4. Plaintiffs do not allege that they are

candidates qualified to run in the subject judicial districts or that they or others were somehow

prevented from qualifying as a candidate in those districts. *Id*. However, Plaintiffs request, among

other things, that the qualifying deadlines for the districts be either reopened or that a new deadline

be set before a special election is held. *Id*. at p. 17. Meacham's direct interest in maintaining the current status of the qualification periods is not properly represented in this action. To preserve that interest, she now seeks the ability to intervene as a defendant as of right, or in the alternative, by permission of this Court.

## II.     FACTUAL AND PROCEDURAL HISTORY

1.  The State of Mississippi passed into law H.B. 1544 and S.B. 2768 in April 2025, which continued to recognize DeSoto County as its own Circuit Court district, while also recognizing DeSoto County as its own Chancery Court district, effective January 1, 2027. Doc. 1 at p. 1, ¶2.

2.  This legislation created a third Chancery Court position for DeSoto County, which has become known as the position for Chancery Court District 17-1, Place 3.

3.  The qualifying period for Mississippi Chancery Court candidates began on January 2, 2026, including those in District 17-1, Place 3. Exhibit A – *SOS 2026 Elections Calendar* at p. 1; Exhibit B – *2025/2026 Candidate Qualifying Guide* at p. 5. The deadline to qualify as a Chancery Court candidate in Mississippi was February 2, 2026. Exhibit A at p. 3; Exhibit B at p. 5.

4.  A Chancery Court candidate must be "a qualified elector, at least twenty-six (26) years of age, a practicing attorney for five (5) years, and a citizen of the state for five (5) years preceding the day of election. Miss. Const. of 1890, Art. VI, § 154." Exhibit B. at p. 9. The candidate must also satisfy certain qualification requirements, including payment of a qualifying fee and provision of certain statements. *Id*. at p. 22. Pursuant to the version of MISS. CODE ANN. §9-5-51 that becomes effective on January 1, 2027, there is no requirement that the candidates for office in Chancery Court District 17-1, Place 3 be residents of that subdistrict, only residents of DeSoto County pursuant to MISS. CODE. ANN. §9-5-1.

**5.** Meacham properly qualified as a 2026 candidate for Chancery Court District 17-1, Place 3.[1] Since qualifying, Meacham and her election committee have incurred financial expenditures in furtherance of her campaign with the intent that the campaign culminate in the November 3, 2026 general election against the only other qualified candidate. Exhibit A at p. 13; *See* Exhibit C – *Campaign Finance Reports*.

**6.** Plaintiffs filed their *Verified Complaint* on July 2, 2026, seeking relief regarding the constitutionality of certain Chancery and Circuit Court districts adopted by the Mississippi State Legislature for DeSoto County, Mississippi. *See* Doc. 1.

**7.** None of the Plaintiffs allege that they are qualified to serve as judges in the challenged districts or that they have any intent to so qualify. *Id*. Likewise, they have not alleged that any qualified candidates were prevented from qualifying due to the nature of the subject districts. *Id*. However, Plaintiffs specifically request relief in the form of either (1) "a new qualifying deadline to be set and a special election to be held for the judgeships at issue" or (2) to "reopen the qualifying deadline for the judgeships at issue in the upcoming November 2026 general election." *Id*. at p. 17.

### III.     <u>ARGUMENT AND AUTHORITIES</u>

**A. RULE 24 INTERVENTION STANDARD**

Pursuant to F.R.C.P. 24(a)(2) a court is required to permit a party to intervene in an action upon timely motion, when that individual legitimately "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing

---

[1] Mississippi's complete list of candidates qualifying for the 2026 election can be found here: https://www.sos.ms.gov/elections-voting/candidate-qualifying-list. Meacham is listed as a candidate for Chancellor in District 17-1, Place 3. *See also* https://www.desotocountyms.gov/980/2026-Judicial-Federal-Candidate-Listing.

parties adequately represent that interest." Subsection (b) of the same rule provides permissive authority, allowing the court to grant intervention to a non-party upon a timely motion and a showing that the non-party "has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b)(1). In the event a non-party seeks to intervene, that non-party must do so by motion stating the grounds for intervention, which must be accompanied by a pleading that sets out the proposed intervening claims or defenses. F.R.C.P. 24(c).

"Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). The intervention inquiry "is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate." *Id*. at 342 (quoting 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE §24.01[1][a], at 24-24). "Intervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'" *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

## B. MEACHAM SATISFIES THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.

"In the absence of a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by [F.R.C.P.] 24(a)(2)."*Ross*, 426 F.3d at 753. A motion to intervene under Rule 24(a)(2) is proper when the following factors are met:

**(1)** The motion to intervene is timely;

**(2)** The proposed intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene;

**(3)** The disposition of the case may impair or impede the potential intervenor's ability to protect her interest; and

**(4)** The existing parties do not adequately represent the potential intervenor's interest.

*Id*. (citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). Meacham satisfies each of these elements.

**1. Meacham's Application is Timely.**

"Timeliness," in the intervention context, "is not a word of exactitude or of precisely measurable dimensions." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1971). The Fifth Circuit has announced the following four-factors that must be considered when evaluating the timeliness of an intervention request:

**(a)** The length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

**(b)** The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;

**(c)** The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and

**(d)** The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ross*, 426 F.3d at 754 (citing *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir. 1977)).

A consideration of these factors in comparison to Meacham's request to intervene shows that the request fits squarely within the timeliness requirement. This motion is filed less two weeks of Plaintiffs' *Complaint*. There is not prejudice to the involved parties, as they have been served, but have not submitted initial responsive pleadings. Further, this request is being made prior to the preliminary injunction hearing set by this Court for July 22, 2026. *See* Doc. 7. Meacham will suffer prejudice if this request is denied by the negative effect of any new or reopened qualifying deadline. There are no unusual circumstances that currently exist in a manner militating either for or against determination that this request is timely. Meacham's request to intervene satisfies the timely requirement.

**2. Meacham Has the Requisite Interest in the Subject Matter of this Case.**

"To demonstrate an interest relating to the property or subject matter of the litigation sufficient to support intervention of right, the applicant must have a direct, substantial, legally protectable interest in the proceedings." *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996). "What is important is 'whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way,' as when the party 'seeks to intervene solely for ideological, economic, or precedential reasons.'"*DeOtte v. Nevada*, 20 F.4th Cir. 2021) (quoting *United States v. Texas*, 805 F.3d 653, 657 (5th Cir. 2015)). "A 'legally protectable' right is not identical to a 'legally enforceable' right, such that 'an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor . . . would not have standing to pursue her own claim.'" *Id*. (quoting *Texas*, 805 F.3d at 659).

Meacham legally qualified as a candidate for Chancery Court Judge in District 17-1, Place 3 pursuant to MISS. CONST. of 1890, Art. 6, §§153 and 154 and MISS. CODE ANN. §9-5-1. *See* fn. 1, *supra*. Her intent to intervene in this case goes further than a general preference for a certain outcome because she has a direct stake in the outcome this case may have on the expired qualifying deadline for Chancery District 17-1, Place 3. Reopening or creating a new qualification deadline would require Meacham to not only undergo the qualification process again, but would also lead to her incurring additional financial and temporal expenses in extending her campaign beyond the November 2026 General Election or in extending it to a pool of candidates not already qualified. *See* Exhibit C. Meacham has the requisite interest in support of intervention.

**3. The Disposition of this Case May Substantially Impair or Impede Meacham's Interests.**

Meacham has an interest in this matter by way of Plaintiffs' request to alter the qualifying deadlines for the subject judicial districts. If a disposition of this case is reached without permitting

Meacham to intervene, her interest will not be expressly heard or considered when this Court makes its ultimate decision. In the event those decisions lead to the alteration of the qualification deadline, Meacham's interest will be impaired or impeded.

### 4. Meacham's Interests Are Not Adequately Represented by the Existing Parties.

An intervention applicant has a "minimal" burden to demonstrate that its interests are not presently represented by existing parties. *Sierra Club*, 18 F.3d at 1207. Here, an applicant "need only show that representation may be inadequate." *Id*.

Meacham's interests are inadequately represented at this juncture. Plaintiffs are voters in DeSoto County seeking the right to vote for the candidates within the subject judicial districts. *See* Doc. 1. None of them allege that they are candidates qualified to run in those districts. *Id*. Likewise, Defendants are the State of Mississippi and members of the Mississippi Board of Election Commissioners, with an interest in upholding the current districts established by law. *Id*. None of the named defendants have asserted that they are or are alleged to be qualified candidates seeking office in the judicial districts. *Id*. Therefore, no existing party has or is likely to represent the interest of Meacham, namely her interest in preserving the established, and already-lapsed, qualifying period for the subject districts.

### C. IN THE ALTERNATIVE, MEACHAM SHOULD BE GRANTED PERMISSIVE INTERVENTION.

Federal Rule 24(b)(1) allows for permissive intervention on timely motion when a third-party "has a claim or defense that shares with the main action a common question of law or fact." Further, this Court would need to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" before allowing permissive intervention. F.R.C.P. 24(b)(3).

Meacham has already established that this intervention request is timely. Further, her prospective defense that the qualifying deadlines should remain untouched is a direct response to

Plaintiffs' request that it be reopened. Finally, the timeliness of this effort prevents undue delay or prejudice to the existing parties. This Court is well within its authority to, and should, grant permissive intervention in the event it does not grant Meacham intervention as of right.

**D. MEACHAM HAS MET THE PROPOSED PLEADING REQUIREMENT.**

Finally, F.R.C.P. 24(c) requires that an intervention request be accompanied by a "pleading that sets out the claim or defense for which intervention is sought." Meacham has included a proposed answer setting out her defenses in this action as Exhibit D to her *Motion to Intervene*. The Rule 24(c) requirement has thus been satisfied.

## IV. CONCLUSION

Meacham respectfully requests that this Court issue an order permitting her to intervene as a defendant through the filing of her proposed intervening answer, either by right or through permissive intervention pursuant to F.R.C.P. 24.

**RESPECTFULLY SUBMITTED,** this the 8th day of July, 2026.

MALENDA HARRIS MEACHAM

By: /s/ *Wilton V. Byars, III*
OF COUNSEL

Wilton V. Byars, III – MS Bar No. 9335
wbyars@danielcoker.com
Lauren E. Ward – MS Bar No. 105019
lward@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 North Lamar Boulevard, Suite R
Post Office Box 1396
Oxford, Mississippi 38655
Phone: (662) 232-8979
Fax:    (662) 232-8940

{D2603071.1}                    8

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel of record for Malenda Harris Meacham, hereby certify that I electronically filed the following pleading or other document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

**THIS,** the 8th day of July, 2026.

By:   /s/ *Wilton V. Byars, III*                 
              OF COUNSEL